U.S. Equal Employment Opportunity Commission
21 South 5th Street
Suite 400
Philadelphia, PA 19106
Judith A. O'Boyle
Supervisory Trial Attorney
(215) 440-2669
JOB 1016

RECEIVED-CLERK
U.S. DISTRICT COURT

2004 DEC 15 P 3:47

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IMCLONE SYSTEMS, INCORPORATED,<br><br>Defendant. | Civil Action No. 04-6218(GEB)<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission"), brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of race and retaliation and to provide appropriate relief to Ulysses Hayes, who was adversely affected by such practices while employed by Defendant, Imclone Systems, Incorporated ("Imclone"). As alleged with greater particularity in paragraphs 7 and 8 below, the Commission alleges that Defendant Employer Imclone discriminated against Mr. Hayes with regard to his race (black), when he was subjected to derogatory racial comments, and when he was subjected to disparate treatment with regard to the terms and conditions of his employment.

The Commission further alleges that following Mr. Hayes' complaint of race discrimination,

-1-

Defendant Employer Imclone retaliated against him when it failed to hire him for an available full-time position, and instead, transferred him to another building, depriving him of promised training opportunities. The Commission alleges that because Mr. Hayes complained of race discrimination and differential treatment, Defendant removed Mr. Hayes from the eight-week training program for the permanent position, and offered the job to an individual who had not complained of discrimination. As a result of Imclone's discriminatory conduct, Mr. Hayes suffered damages, including emotional distress.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times mentioned herein, Defendant, Imclone Systems, Incorporated, ("Defendant Employer") has continuously been doing business in the State of New Jersey and the City of Branchburg, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Ulysses Hayes filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least February 2004, Defendant Employer has engaged in unlawful employment practices at its Branchburg, New Jersey location in violation of § 703 (a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting Ulysses Hayes to race discrimination as follows:

(a)  In October 2003, Ulysses Hayes was referred by a temporary agency to begin working for Defendant Employer in the position of temporary Facility Technician. On or about October 20, 2003, Mr. Hayes began working at Defendant's facility in Building No. BB22 and was responsible for performing operations duties, including monitoring the facility's mechanical and security systems, and performing general maintenance.

(b)  Ulysses Hayes possessed a "Black Seal" boiler's license issued by the State of New Jersey Office of Boilers and Pressure Vessel Compliance, which allowed him to operate the boiler in Building No. BB22.

(c)  In November 2003, Defendant Employer's Human Resources Generalist, Nancy Prada, advised Mr. Hayes that he would be hired into a permanent position in the Facilities Department and that he was to begin an 8-week training program. Ms. Prada advised Mr. Hayes that he would be placed in the position of Senior Facilities Technician beginning on March 8, 2004. Accordingly, Mr.

Hayes accepted a transfer to a position as a Utilities Operator, and was then assigned primarily to work in Building No. BB36 for an eight-week training program.

(d) During his training program, Mr. Hayes was trained by Antonio Soares-DeAlmedia, Senior Facilities Operator, who subjected Mr. Hayes to derogatory racial comments, including calling him "the black boy", and yelled frequently at him in a hostile fashion, stating "the reason I am harder on you than the other operators is because you are a minority." Mr. DeAlmedia did not treat similarly-situated white trainees in the same manner. In addition, Mr. Hayes was subjected to disparate treatment when he was forced to shovel snow and perform menial duties, while similarly-situated white employees were not treated in this manner.

8. Since at least January 2004, Defendant Employer has engaged in unlawful employment practices at its Branchburg, New Jersey location in violation of § 704 (a)(1) of Title VII, 42 U.S.C. § 2000e-3(a) by subjecting Ulysses Hayes to retaliation. The unlawful employment practices included the following:

(a) On or about February 2, 2004, Mr. Hayes complained to Defendant Employer about the racially offensive comments and differential discrimination that he was subjected to by DeAlmedia.

(b) Following Defendant Employer's investigation into these allegations, Mr. Hayes was transferred back to Building No. BB22, to which he objected. Defendant Employer's decision to transfer Mr. Hayes back to Building No. BB22 deprived Mr. Hayes of training on the large boiler in BB36 so that he could obtain his "Blue Seal" license, and to further learn the position duties of Utility Technician.

(d) On or about April 5, 2004, Defendant selected two individuals who had not

complained about discrimination for permanent Senior Facilities Technician positions.

(e) On April 5, 2004, Defendant Employer terminated Ulysses Hayes's temporary employment.

(f) Another employee who, like Mr. Hayes, had expressed an interest in the full-time Facility Technician position, but had also complained of discrimination, was not hired in favor of a non-complaining employee.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Ulysses Hayes of equal employment opportunities and otherwise adversely affect his status as an employee because of his race (black).

10. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Ulysses Hayes of equal employment opportunities and otherwise adversely affect his status as an employee in retaliation for engaging in protected activity under Title VII.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above, were intentional.

12. The unlawful employment practices complained of in paragraphs 7 and 8, above, were done with malice or with reckless indifference to the federally protected rights of Ulysses Hayes.

**PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of race and retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs

which provide equal employment opportunities, prohibit retaliation, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Ulysses Hayes, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, front pay if appropriate, reinstatement and the affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Order Defendant Employer to make whole Ulysses Hayes by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above.

G. Order Defendant Employer to make whole Ulysses Hayes by providing compensation for past, present, and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including humiliation, emotional pain, suffering, anxiety, stress, loss of enjoyment of life, depression, and exacerbation of physical problems, in amounts to be determined at trial.

H. Order Defendant Employer to pay Ulysses Hayes punitive damages for its malicious and reckless conduct, as described in paragraphs 7 and 8 above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JACQUELINE H. McNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2669; (215) 440-2874 (FAX)